UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
DOROTHY JULIA MILLER (BAXTER)

    Plaintiff,        **MEMORANDUM & ORDER**

  -against-         Civil Action No. 04-2718

SOCIAL SECURITY ADMINISTRATION

    Defendant.
------------------------------x

**A P P E A R A N C E S :**

**For the Plaintiff:**

Dorothy Julia Miller (Baxter), Pro Se
P.O. Box 321
East Rockaway, NY 11518

**For the Defendant:**

Roslynn R. Mauskopf
United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
By: Robert B. Kambic, A.U.S.A.


**HURLEY, Senior District Judge:**

  Plaintiff, Dorothy Julia Miller ("Plaintiff"), commenced this action seeking $1,000,000 in damages from the Defendant, Social Security Administration ("SSA") for SSA's alleged "[a]iding and abetting [i]dentity fraud." Presently before the Court is the SSA's motion to dismiss the Complaint. For the reasons set forth below, the motion is granted.

*Background*

Plaintiff commenced this action on May 26, 2004. The following facts are gleamed from her pro se complaint. It appears that Plaintiff's pocketbook was stolen in 1956 and that as a result some unidentified individual was then able to steal Plaintiff's identity. In 1968 Plaintiff's husband died of cancer. According to the complaint, "at that time I asked if I could leave my husband's death benefit there, I was told it would always be there. And asked, that if I wanted to wait to file for my Widow's benefit check was that all right; he said there is mountains of money, and yes I could wait." [1] Approximately twenty four years later, in 1992 Plaintiff "asked for [her] Death Benefit check." According to the complaint, "They said, they gave it to my Daughter, in the Freeport office, that's what they told me in Freeport. I believe that I would have to be DEAD, for them to have the right to give my check to my Daughter! My daughter say's she did not go there at all!"[2] The complaint then goes on to state that it might not be her child because she only had two although her "husband was making babies with other woman [sic] . . ." The complaint then refers to a Chemical Bank computer specialist (who was engaged for a short time to Plaintiff's daughter) who apparently without authorization withdrew money from Plaintiff's daughter's account and concludes with Plaintiff pondering "I now wonder if any thing of mine was tempered [sic] with by him!"

---

[1] The complaint gives no indication where "there" is or who "he" is, although for purposes of this motion the Court surmises that "there" is a local office of SSA and that "he" is an employee of SSA.

[2] The Court notes that, according to the Declaration of Dennis Mass, SSA records indicate that lump sum death benefits were paid to Mr. Edward Baxter, the father of Plaintiff's deceased husband, pursuant to an application in which he stated that he had paid all of the funeral expenses.

*Standard*

The court may not dismiss the complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *King v. Simpson¸* 189 F.3d 284, 286 (2d Cir. 1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir. 1996). The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." *Leibowitz v. Cornell Univ.,* 445 F.3d 586, 591 (2d Cir. 2006). Nonetheless, "a plaintiff's allegations, accepted as true, must be sufficient to establish liability." *Amron v. Morgan Stanley Investment Advisors Inc.,* 464 F.3d 338, 344 (2d Cir. 2006).

In construing a complaint on a Rule 12(b)(6) motion, the Court must accept all factual allegations in the proposed complaint as true and draw all reasonable inferences in favor of the plaintiff. *King*, 189 F.3d at 287; *Jaghory v. New York State Dep't. of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). The Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank*, 199 F.3d 99, 107 (2d Cir. 1999); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). However, in resolving a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), a court may refer to evidence outside the pleadings, such as affidavits or documents. *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000) (citing *Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir. 1986)).

3

In applying these standards to the Plaintiff's complaint, this Court is mindful of its obligation to liberally construe Plaintiff's pro se pleadings "to raise the strongest argument they might suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

## *Discussion*

SSA has moved to dismiss the complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. It argues that there is a lack of subject matter jurisdiction because the Federal Tort Claims Act does not provide jurisdiction over SSA. Further, there is no subject matter jurisdiction under the Social Security Act because Plaintiff has not exhausted her administrative remedies. Finally, SSA argues that the allegation that SSA aided and abetted a fraud without specifying any facts is insufficient to state a claim against it.

### I. *There is no Subject Matter Jurisdiction Under the Federal Tort Claim Act*

To the extent that Plaintiff seeks to recover from SSA for its alleged participation in fraud, her claims are governed by the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671 et seq., which waives the United States' sovereign immunity against certain claims sounding in tort. The FTCA governs "any claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 2671.

There are several, strictly construed prerequisites to stating a claim under the FTCA. One such prerequisite is that "a tort claim against the Untied States shall be forever barred unless it is

4

presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. 2401(b). *See Johnson v. Smithsonian Institution,* 189 F.3d 180, 189 (2d Cir. 1999). Administrative exhaustion of claims is not subject to waiver. *Keene Corp. v. United States,* 700 F.2d 836, 841 (2d Cir. 1983). This jurisdictional bar applies equally to plaintiffs represented by counsel and those who proceed pro se. *See McNeil v. United States,* 508 U.S. 106, 113 (1993) (we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). "Unless a plaintiff complies with that requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim. . . . The burden is on the plaintiff to plead and prove compliance with § 2401(b)." *Johnson,* 189 F.3d at 189 (internal citations omitted).

Here, Plaintiff has not pled that she complied with the requirement of administrative exhaustion. Additionally, the SSA has no record of any administrative tort claim filed by the Plaintiff. *See* Mass Decl. ¶ 14; Herbst Decl. ¶3(d). The failure of Plaintiff to comply with the administrative exhaustion requirement, requires dismissal of her FTCA claim for lack of subject matter jurisdiction.

## II. *There is No Subject Matter Jurisdiction Under the Social Security Act*

To the extent Plaintiff is seeking to recover the death benefit for her late husband that was paid to someone else, the complaint must be dismissed, again for lack of jurisdiction.

The Social Security Act authorizes judicial review only of "final decisions of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). The Social Security Administration regulations sets forth the administrative process which leads to a final

determination. First, an individual who applies for benefits receives an initial determination. 20 C.F.R. § 404.902. If dissatisfied, the claimant may request reconsideration and then, if still dissatisfied, a hearing before an Administrative Law Judge ("ALJ"). *Id.* at §§ 404.907 and 404.929. The claimant may then request that the Appeals Council review the decision of the ALJ. *Id.* at § 404.967. The Appeals Council may allow the ALJ's decision to stand as the final decision of the Commissioner or issue its own decision. *Id.* at § 404.981. In either case, the claimant may then seek judicial review of the Commissioner's final decision by commencing an action within sixty days after receiving notice of the Appeals council's action. *Id.* Of course, the precursor to a final decision of the Commissioner is the filing of an application. *See* 42 U.S.C. § 402 (a); 20 C.F.R. §404.603; *Watson v. Califano,* 487 F. Supp. 179, 184 (S.D.N.Y. 1979) ("An individual who qualifies for benefits is not entitled to such automatically; application for benefits is a prerequisite to entitlement."), *aff'd,* 622 F.2d 577 (2d Cir. 1980); *see also Morton v. Barnhart*, 2003 WL 1856530, *4 (S.D.N.Y. 2003).

Here, the complaint is devoid of any allegation that the Plaintiff proceeded to exhaust her administrative remedies when her 1994 application for lump sum death benefits was denied.[3] Accordingly, to the extent the complaint seeks to recover these lump sum death benefits, it must be dismissed. *See Heckler v. Ringer,* 466 U.S. 602, 618-19 (1984) (dismissal appropriate because of failure to exhaust); *Abbey v. Sullivan*, 978 F.2d 37, 44-47 (2d Cir. 1992).

---

[3] The Declarations of Dennis Mass and Patrick J. Herbst confirm that, according to SSA's records, Plaintiff did not exhaust her administrative remedies with respect to the lump sum benefits.

*Conclusion*

For the reasons set forth above, Defendant's motion to dismiss is granted.  The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
      May 1, 2007

/s/
Denis R. Hurley
Senior District Judge